[File No. 6869.]

THE TURTLE MOUNTAIN SUPPLY COMPANY, a Corporation Dissolved by Spaulding Howe and R. R. Betcher, Its Trustees, Appellant, v. ROBERT KRIEG, Christine Krieg, His Wife, and P. S. Jungers, Respondents.

(7 NW(2d) 432.)

Opinion filed January 8, 1943.

*Fred E. Harris,* for appellant.
*Murray & Murray,* for respondents.

CHRISTIANSON, J.   This is an action to foreclose a real estate mortgage upon a certain dwelling house property in the city of Hebron in Morton county in this state.   The mortgage is dated July 1, 1934, and according to its terms was given by the defendants Robert Krieg and Christine Krieg, his wife, to the Turtle Mountain Supply Company to secure the payment of a certain promissory note dated July 1, 1933, and payable on or before March 1, 1934.   The mortgage was recorded in the office of the register of deeds of Morton county on August 10,

1934. The defendant Jungers purchased the property from the defendants Robert Krieg and Christine Krieg on or about May 20, 1940; and they executed and delivered to him a warranty deed dated on that day wherein they warranted that they were well seized in fee of the premises and that the same are free from all encumbrances.

In their answer the defendants Krieg allege, among other matters, that the note and mortgage were without consideration and that if there were any consideration, it wholly failed; that the plaintiff procured the execution of the note and mortgage by false and fraudulent representations; that the plaintiff and its agents falsely pretended and represented to the defendants that they would secure a loan for the defendants from some Federal agency in the sum of $550, and that in order to secure such loan it was necessary for the said defendants to execute such note and mortgage; that out of the proceeds of the loan the plaintiff would be paid some $112, which the defendants Krieg owed to the plaintiff, and that the balance of the proceeds of the loan would be delivered to the defendants Krieg; and if such loan "did not go through" that the mortgage and note would be returned to the said defendants Krieg.

The trial court made findings of fact favorable to the defendants, and ordered judgment to be entered canceling the mortgage. The plaintiff has appealed from the judgment and demands a trial anew in this court.

The undisputed evidence shows that on July 1, 1934, and for some time prior thereto the defendants Krieg were the owners of a lot in the city of Hebron on which they had constructed a certain dwelling, which was occupied by them as their home. They were indebted to the plaintiff in the sum of $112.78. They were also indebted to the Hebron Brick Company in the sum of $148.95; to the Hebron Hardware and Plumbing Company in the sum of $114; and to the First State Bank of Hebron in the sum of approximately $175. Considerable of the indebtedness was incurred incident to the purchase of the lot and repairing and remodeling the house.

The defendant Robert Krieg had tried to obtain a loan from the Home Owners' Loan Corporation but had been unable to do so. Prior to July 1, 1934, he had discussed with a representative of the plaintiff

the matter of his indebtedness to it and had indicated his desire to procure a loan on the dwelling house in an amount sufficient to pay off the indebtedness to the plaintiff and to the other three creditors mentioned above. It is undisputed that plaintiff's representative agreed to endeavor to procure such loan. Plaintiff's representative prepared and caused to be submitted an application for a loan from the Home Owners' Loan Corporation. The application was rejected and no loan was procured.

There is a direct conflict in the testimony as to whether the note and mortgage which Robert Krieg and his wife signed and delivered to plaintiff were made and delivered unconditionally in settlement of the indebtedness of the Kriegs to the plaintiff, to the Hebron Brick Company, and Hebron Hardware and Plumbing Company, and the First State Bank of Hebron, or were made and delivered as an incident to the application for a loan, and in order to aid the plaintiff and its representative in obtaining the loan for the Kriegs from the Home Owners' Loan Corporation. The defendant, Robert Krieg, testified that the note and mortgage were made and delivered for the latter purpose only; and that it was agreed that if no loan were procured that the note and mortgage would be returned. The representative of the plaintiff testified that the note and mortgage were given in settlement of the claim of the plaintiff and the three other creditors. He admits that there was some discussion as to the procuring of the loan but claims that the force of the note and mortgage were not to be dependent upon the procuring of the loan; that they were delivered unconditionally and that it was the intention of the parties that they were to be binding according to their terms, but that it was understood that if the proposed loan were procured the proceeds should be utilized to pay off the note and mortgage in suit.

The trial court found the facts to be:

"That sometime shortly before the first day of July, 1934, the plaintiff by its true and duly authorized agent at Hebron, North Dakota, entered into a contract and agreement with the defendants, Robert Krieg and Christine Krieg, his wife, wherein and whereby the plaintiff agreed to assist said defendants in procuring and making a loan from

the Home Owners' Loan Corporation for the sum of $550, on the home of the said defendants, described as follows:

"Lot Nine (9), of Block Twenty-nine (29) of the

"City of Hebron, North Dakota;

that pursuant thereto the said plaintiff induced and procured the defendant, Robert Krieg, to sign an application in blank for such loan to the Home Owners' Loan Corporation; that thereafter the plaintiff filled in said application without the knowledge or consent of the defendant, Robert Krieg, as to what was filled in by the plaintiff; that thereafter and on or about the first day of July, 1934, the plaintiff represented to the defendant, Robert Krieg, that in order to procure said loan from said Home Owners' Loan Corporation that it would be necessary for the defendants, Robert Krieg and Christine Krieg, to execute and deliver to the plaintiff a note and mortgage for the sum of $550.00, and the plaintiff did then and there represent and promise to the defendants, Robert Krieg and Christine Krieg, his wife, that if said loan from the Home Owners' Loan Corporation did not go through that then and there the plaintiff would return to the defendants, Robert Krieg and Christine Krieg, said note and said mortgage and would execute and deliver a satisfaction of such mortgage; that relying upon said promises of the plaintiff, the defendants, Robert Krieg and Christine Krieg, executed and delivered to the plaintiff the note and mortgage described in the complaint.

"That at the time of the transaction hereinbefore mentioned, the defendants, Robert Krieg and Christine Krieg, his wife, were indebted to the plaintiff in the sum of One Hundred Twelve ($112.00) dollars, and no more; . . .

"That the object and purpose of the execution and delivery of said note and mortgage by the defendants was to procure a loan from the Home Owners' Loan Corporation, and said note and mortgage were executed and delivered for no other purpose than that, and all of this to the knowledge of the plaintiff.

"That said contemplated loan by the defendants, Robert Krieg and Christine Krieg, his wife, as aforementioned, was never consummated; that the Home Owners' Loan Corporation rejected same."

These findings were based upon the testimony of witnesses who ap-

peared in person before the court, and even on a trial anew must have weight and influence with this court. Christianson v. Farmers' Warehouse Asso. 5 ND 438, 444, 67 NW 300, 302.

A careful consideration of the record leads us to the conclusion that the findings of the trial court are in accord with the weight of the evidence. The defendant, Krieg, testified that the arrangement was as the trial court found. That testimony is not improbable, and is to some extent corroborated by certain circumstances in the case. Thus, plaintiff's representative testified that the note and mortgage were both prepared by him or under his direction, at the same time. The mortgage bears date July 1, 1934. The certificate of acknowledgment of the notary public upon the mortgage states that it was taken on July 31, 1934. The note secured by the mortgage is dated July 1, 1933, and is payable on or before March 1, 1934. It bears interest at the rate of 6 per cent. In the loan application prepared by plaintiff's representative and submitted to the Home Owners' Loan Corporation it is stated that there is due on the mortgage, $550 principal, and interest from July 1, 1933 to September 1, 1934, at 6%, amounting to $38.50. In the complaint it is alleged that the scrivener made an error in the note, and that the note should have been dated July 1, 1934, and made payable on or before March 1, 1935, and that it should be reformed accordingly. This allegation is not established by the evidence. There is no basis for finding that any error was committed. The note was prepared on a printed blank, and the date, the name of the payee, the amount, and the date of maturity were written in with a typewriter. In the mortgage, the note is described as being dated July 1, 1933; and in the loan application prepared by plaintiff's representative and submitted to the Home Owners' Loan Corporation, not only are the same dates of execution and of maturity recited, but interest is computed according to such dates. The Home Owners' Loan Act was intended "to provide emergency relief witth respect to home mortgage indebtedness, to refinance home mortgages," and "to extend relief to the owners of homes occupied by them and who are unable to amortize their debt elsewhere." Home Owners' Loan Act of 1933, June 13, 1933; c. 64, 48 Stat. 128, 12 USCA § 1461, 4 FCA title 12, § 1461.

The note and mortgage were prepared so as to present a situation that would justify the granting of a loan by the Home Owners' Loan Corporation.

According to the terms of the note as written and as set forth in the loan application, the mortgage was in default—both interest and principal were past due. There is no evidence that the representatives of the plaintiff had any negotiations or conferences with the other creditors whose claims are said to be included in the note and mortgage in question here. However, certain representatives of the Hebron Brick and Hebron Hardware and Plumbing Company testified as to certain conversations had with the defendant, Robert Krieg, with respect to their claims being included in the mortgage. The defendant Krieg frankly admits that he saw these parties about their claims; but he testified positively that he informed them of the plan for obtaining the loan from the Home Owners' Loan Corporation, and that if and when such loan were completed and he received the proceeds thereof, he would pay their claims.

The note and mortgage were taken in 1934. This action was instituted in 1941. There is no claim that any effort was made to enforce collection until this action was brought, and there is evidence to the effect that during the intervening period some of the debtors sent demands to the defendant Krieg for payment of the accounts which, according to plaintiffs' contention, were settled by the note and mortgage.

Judgment affirmed.

MORRIS, Ch. J., BURKE, NUESSLE, and BURR, JJ., concur.